## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL FLOYD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIONEER NATURAL RESOURCES COMPANY, J. KENNETH THOMPSON, RICHARD P. DEALY, A.R. ALAMEDDINE, LORI A. GEORGE, EDISON C. BUCHANAN, MARIA S. JELESCU DREYFUS, MATTHEW GALLAGHER, PHILLIP A. GOBE, STACY P. METHVIN, ROYCE W. MITCHELL, SCOTT D. SHEFFIELD, and PHOEBE A. WOOD,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Michael Floyd ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Pioneer Natural Resources Company ("Pioneer" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed combination of the Company with ExxonMobil Corporation ("ExxonMobil").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2.      On October 10, 2023, Pioneer entered into an Agreement and Plan of Merger (the "Merger Agreement") with ExxonMobil and ExxonMobil's subsidiary, SPQR, LLC.  The Merger Agreement provides that Merger Sub will merge with and into Pioneer, with Pioneer surviving as a wholly owned subsidiary of ExxonMobil and Pioneer stockholders receiving 2.3234 shares of ExxonMobil common stock for each share of Pioneer common stock they own.[2]

3.      The Company's corporate directors subsequently authorized the January 8, 2024, filing of a materially incomplete and misleading Schedule Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the

---

[2] Pioneer stockholders will own approximately twelve percent of the combined company upon consummation of the Proposed Transaction.

[3] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for February 7, 2024.

defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is and has been at all times relevant hereto, the owner of Pioneer common stock.

10.     Defendant Pioneer is a Delaware corporation with its principal executive offices located at 777 Hidden Ridge, Irving, Texas 75038.  Pioneer's shares trade on the New York Stock Exchange under the ticker symbol "PXD."  Founded in 1997, Pioneer operates as an independent oil and gas exploration and production company in the United States.  Pioneer explores for, develops, and produces oil, natural gas liquids ("NGLs"), and gas.  The Company has operations in the Midland Basin in West Texas.

11.     Defendant J. Kenneth Thompson is and has been Lead Director of the Company at all times relevant hereto.

12.     Defendant Richard P. Dealy is President and Chief Executive Officer of the Company and is and has been a director of the Company at all times relevant hereto.

13.     Defendant A.R. Alameddine is and has been a director of the Company at all times relevant hereto.

14.     Defendant Lori A. George is and has been a director of the Company at all times relevant hereto.

15.     Defendant Edison C. Buchanan is and has been a director of the Company at all times relevant hereto.

16.     Defendant Maria S. Jelescu Dreyfus is and has been a director of the Company at all times relevant hereto.

17.     Defendant Matthew Gallagher is and has been a director of the Company at all times relevant hereto.

18.     Defendant Phillip A. Gobe is and has been a director of the Company at all times relevant hereto.

19.     Defendant Stacy P. Methvin is and has been a director of the Company at all times relevant hereto.

20.     Defendant Royce W. Mitchell is and has been a director of the Company at all times relevant hereto.

21.     Defendant Scott D. Sheffield is the Company's Special Advisor to the Chief Executive Officer, previously served as the Company's Chief Executive Officer, and is and has been a director of the Company at all times relevant hereto.

22.     Defendant Phoebe A. Wood is and has been a director of the Company at all times relevant hereto.

23.     Defendants identified in paragraphs 11-22 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

24.     On October 11, 2023, ExxonMobil and the Company jointly announced in relevant part:

> SOUTH SPRING, Texas & IRVING, Texas--(BUSINESS WIRE)--Exxon Mobil Corporation (NYSE: XOM) and Pioneer Natural Resources (NYSE: PXD) jointly announced a definitive agreement for ExxonMobil to acquire Pioneer. The merger is an all-stock transaction valued at $59.5 billion, or $253 per share, based on ExxonMobil's closing price on October 5, 2023. Under the terms of the agreement, Pioneer shareholders will receive 2.3234 shares of ExxonMobil for each Pioneer share at closing. The implied total enterprise value of the transaction, including net debt, is approximately $64.5 billion.

> The merger combines Pioneer's more than 850,000 net acres in the Midland Basin with ExxonMobil's 570,000 net acres in the Delaware and Midland Basins, creating the industry's leading high-quality undeveloped U.S. unconventional inventory position. Together, the companies will have an estimated 16 billion barrels of oil equivalent resource in the Permian. At close, ExxonMobil's Permian production volume would more than double to 1.3 million barrels of oil equivalent per day (MOEBD), based on 2023 volumes, and is expected to increase to approximately 2 MOEBD in 2027. ExxonMobil believes the transaction represents an opportunity for even greater U.S. energy security by bringing the best technologies, operational excellence and financial capability to an important source of domestic supply, benefitting the American economy and its consumers.

> "Pioneer is a clear leader in the Permian with a unique asset base and people with deep industry knowledge. The combined capabilities of our two companies will provide long-term value creation well in excess of what either company is capable of doing on a standalone basis," said ExxonMobil Chairman and CEO Darren Woods. "Their tier-one acreage is highly contiguous, allowing for greater opportunities to deploy our technologies, delivering operating and capital efficiency as well as significantly increasing production. As importantly, as we look to combine our companies, we bring together environmental best-practices that will lower our environmental footprint and plan to accelerate Pioneer's net-zero plan from 2050 to 2035."

Pioneer Chief Executive Officer Scott Sheffield commented, "The combination of ExxonMobil and Pioneer creates a diversified energy company with the largest footprint of high-return wells in the Permian Basin.  As part of a global enterprise, Pioneer, our shareholders and our employees will be better positioned for long-term success through a size and scale that spans the globe and offers diversity through product and exposure to the full energy value chain.  The consolidated company will maintain its leadership position, driving further efficiencies through the combination of our adjacent, contiguous acreage in the Midland Basin and our highly talented employee base, with the improved ability to deliver durable returns, creating tangible value for shareholders for decades to come."

**Transaction Benefits**
Combining Pioneer's differentiated Permian inventory and basin knowledge with ExxonMobil's proprietary technologies, financial resources, and industry-leading project development is expected to generate double-digit returns by recovering more resource, more efficiently and with a lower environmental impact.

The transaction is a unique opportunity to deliver leading capital efficiency and cost performance as well as increase production by combining Pioneer's large-scale, contiguous, high-quality undeveloped Midland acreage with ExxonMobil's demonstrated industry-leading Permian resource development approach.

The unique, complementary fit of Pioneer's contiguous acreage will allow ExxonMobil to drill long, best-in-class laterals -- up to four miles -- which will result in fewer wells and a smaller surface footprint.  The company also expects to enhance field digitalization and automation that will optimize production throughput and cost.

The combination transforms ExxonMobil's upstream portfolio by increasing lower-cost-of-supply production, as well as short-cycle capital flexibility.  The company expects a cost of supply of less than $35 per barrel from Pioneer's assets.  By 2027, short-cycle barrels will comprise more than 40% of the total upstream volumes, positioning the company to more quickly respond to demand changes and increase capture of price and volume upside.

The transaction's unique value creation opportunity results in significant synergies and further upside potential that will be shared by both companies' shareholders.  The merger is anticipated to be accretive immediately and highly accretive mid- to long-term to ExxonMobil earnings per share and free cash flow, with a long cash flow runway.  ExxonMobil's strong balance sheet combined with Pioneer's added surplus free cash flow provides upside opportunity to enhance shareholder capital returns post-closing.

Finally, this merger represents the opportunity for even greater U.S. energy security by bringing the best technology, operational excellence, environmental best practices and financial capability to an important source of domestic supply, benefitting the American economy and its consumers.

**Accelerating to Net Zero in the Permian**
ExxonMobil has industry-leading plans to achieve net zero Scope 1 and Scope 2 greenhouse gas emissions from its Permian unconventional operations by 2030.  As part of the transaction, ExxonMobil intends to leverage its Permian greenhouse gas reduction plans to accelerate Pioneer's net zero emissions plan by 15 years, to 2035.

ExxonMobil will leverage the same aggressive strategy and apply its industry-leading new technologies for monitoring, measuring, and addressing fugitive methane to lower both companies' methane emissions.

In addition, using combined operating capabilities and infrastructure, we expect to increase the amount of recycled water used in our Permian fracturing operations to more than 90% by 2030.

**Transaction Details**
The per-share merger consideration noted above represents an approximate 18% premium to Pioneer's undisturbed closing price on October 5 and a 9% premium to its prior 30-day volume-weighted average price on the same day.

The Boards of Directors of both companies have unanimously approved the transaction, which is subject to customary regulatory reviews and approvals.  It is also subject to approval by Pioneer shareholders.  The transaction is expected to close in the first half of 2024.

**Advisors**
Citi acted as lead financial advisor, Goldman Partners as financial advisor, and Davis Polk & Wardwell as legal advisor to ExxonMobil.  Goldman Sachs, Morgan Stanley, Petrie Partners and Bank of America Securities acted as financial advisors to Pioneer; Gibson, Dunn & Crutcher LLP acted as legal advisor to Pioneer.

## The Materially Incomplete and Misleading Proxy Statement

25.    The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 8, 2024.  The Proxy Statement, which recommends that Pioneer stockholders vote their shares in favor of the Proposed Transaction, fails to disclose

material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Pioneer and ExxonMobil; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Goldman Sachs & Co. LLC ("Goldman"); and (c) potential conflicts of interest faced by the Company's additional financial advisors, Morgan Stanley & Co. LLC ("Morgan Stanley"), Petrie Partners, LLC ("Petrie Partners") and BofA Securities, Inc. ("BofA").

***Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for Pioneer and ExxonMobil***

26.     The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company prepared by Pioneer's management.

27.     As to Company management's "Pioneer management forecast," the Proxy Statement fails to disclose the line items underlying Pioneer's forecasted Adjusted EBITDAX and Unlevered Free Cash Flow.

28.     The Proxy Statement further fails to disclose any projections for ExxonMobil or the combined company, including any projected synergies anticipated to be achieved from the Proposed Transaction, relied upon by Company management, the Board, or Goldman in connection with the Proposed Transaction.

***Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Goldman***

29.     The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Goldman.

30.     As  to the *Illustrative Discounted Cash Flow Analysis* of the Company performed by Goldman, the Proxy Statement fails to disclose: (a) Pioneer's terminal values; (b) Pioneer's net debt; and (c) Pioneer's fully-diluted outstanding shares.

31.     As to the *Illustrative Present Value of Future Share Price Analysis – Pioneer Standalone*, performed by Goldman, the Proxy Statement fails to disclose: (a) Pioneer's net debt for each of the calendar years 2024 through 2026; (b) the projected year-end number of fully diluted outstanding shares of Pioneer common stock for each of the calendar years 2024 through 2026; and c) the estimated dividends to be paid per share of Pioneer common stock.

32.     As to the *Selected Comparable Public Companies Analysis* of Pioneer performed by Goldman, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics Goldman observed for each company; (b) Pioneer's net cash and cash equivalents as of August 31, 2023; and (c) Pioneer's fully-diluted outstanding shares.

33.     As to the *Selected Publicly Traded Companies Trading Multiples* analysis performed by Goldman, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by the financial advisor.

### Material Misrepresentations and/or Omissions Concerning Morgan Stanley's, Petrie Partners' and BofA's Potential Conflicts of Interest

34.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's additional financial advisors, Morgan Stanley, Petrie Partners and BofA.

35.     The Proxy Statement fails to disclose the compensation Morgan Stanley, Petrie Partners and BofA have received, or expect to receive, in connection with the Proposed Transaction, and what portion of the compensation is contingent upon completion of the Proposed Transaction.

36.     The Proxy Statement further fails to disclose the details of any services Morgan Stanley, Petrie Partners or BofA have provided to Pioneer, ExxonMobil, or their respective

affiliates, in the two years prior to the Company's entry into the Merger Agreement and the amount of compensation Morgan Stanley, Petrie Partners or BofA have received for any such services provided.

37.     The omission of the above-referenced information renders statements in the "Certain Pioneer Unaudited Prospective Financial Information," "Opinions of Pioneer's Financial Advisor" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

38.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Pioneer**

39.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Pioneer is liable as the issuer of these statements.

41.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

45.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

46.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## **COUNT II**

### **Claims for Violation of Section 20(a) of the Exchange Act**
### **Against the Individual Defendants**

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of Pioneer within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Pioneer and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Share Issuance or Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

51.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  January 11, 2024

LONG LAW, LLC

By:  _/s/ Brian D. Long_
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*